UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HARRIS COLLINS (#371223)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 14-172-BAJ-SCR


## NOTICE

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.


ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 15, 2014.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


HARRIS COLLINS (#371223)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 14-172-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss.  Record document number 13.

Plaintiff Harris Collins, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dixon Correctional Institute ("DCI") Warden Steve Rader, Kenny Freeman, Elane Norwood, Jackie Andrew, Micheal Constance and B. Robinson.  Plaintiff alleged that on March 4, and March 6, 2013, he was denied adequate medical treatment for complaints of chest pain in violation of his constitutional rights.

According to the defendants' motion, the plaintiff died on June 11, 2014.  On July 3, 2014, the defendants filed a Suggestion of Death of the Plaintiff (hereafter, "Suggestion of Death"), noting his death on June 11.  The Certificate of Service filed with the Suggestion of Death states: "I HEREBY CERTIFY that a copy of the foregoing was filed using the Court's CM/ECF system today, Thursday, July 3, 2014."  Defendants argued that because no

representative of the plaintiff moved to substitute into the case within 90 days after the Suggestion of Death was filed, pursuant to Rule 25(a)(1), Fed.R.Civ.P., the case should be dismissed.

Defendants' Suggestion of Death is not sufficient to start the 90-day time period under Rule 25(a)(1) because it did not identify any successor or representative who may be substituted for the plaintiff, nor was the Suggestion of Death served on any successor or representative of the plaintiff. Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3rd, § 1955, p. 676-79 (citing cases). The 90-day period for substitution does not start to run until a valid suggestion of death is filed and properly served. *Id.* Clearly, service via the court's CM/ECF system, which would only be sent to the plaintiff, was not sufficient notice to any possible heir, successor or representative of the plaintiff. Moreover, it seems likely that the defendants would have access to sufficient information to make and serve a proper suggestion of death. According to the Louisiana Department of Public Safety and Corrections Standardized Death Report Format filed with the Suggestion of Death, the plaintiff's family claimed his remains.[1] It is likely that the department has next-of-kin information which the defendants could obtain.

Defendants' Motion to Dismiss should be denied.

---

[1] Record document number 11, p. 3.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants Motion to Dismiss be denied.

Baton Rouge, Louisiana, November 15, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE